# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| **MARK ALSTON,** | : | **Case No. 07CV2284** |
| **Petitioner,** | : | |
| | : | **JUDGE KATHLEEN O'MALLEY** |
| **v.** | : | |
| **ED VOORHIES, Warden,** | : | **OPINION & ORDER** |
| **Respondent.** | : | |

Before the Court is Petitioner Mark Alston's ("Alston") *Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus* (Doc. 1 ("Petition")).  Alston objects to the following: (1) that his conviction was against the manifest weight of the evidence; (2) that the trial court refused to charge the jury on the lesser included offense of reckless homicide; (3) that the trial court admitted hearsay testimony and inadmissible evidence[1]; (4) that his conviction for complicity to aggravated robbery was based upon insufficient evidence[2]; (5) that he was denied "[d]ue process in appeal, denied fair opportunity to present all issues, and denied fair review by the court"; and (6) that his indictment for aggravated robbery was defective.[3]

---

[1]Alston's original third ground for relief was based only on the trial court's admission of hearsay testimony.  (Petition at 5.)  As the Magistrate Judge noted in her Report and Recommendation, Alston amended this ground for relief in his First Amended Petition (Doc. 8 at 5) to add the trial court's admission of other allegedly inadmissible evidence as a second basis for his third ground for relief.  (*See* Doc. 29 at 4.)

[2]  As the Magistrate Judge noted, Alston expressly withdrew his fourth ground for relief in his Traverse (Doc. 24 at 20).  (*See* Doc. 29 at 31.)  Accordingly, the Court **ADOPTS** the Report and Recommendation with respect to this claim – it is no longer before the Court and will not be discussed herein.

[3]As noted in the Report and Recommendation, this ground for relief was not included in Alston's original petition.  On June 9, 2008, with no explanation and without seeking leave, Alston filed what purports to be a Second Amended Petition containing this ground.  (*See* Doc.

The case was automatically referred to Magistrate Judge Nancy Vecchiarelli for preparation of a Report and Recommendation ("R&R").  Respondent Warden Ed Voorhies ("the State") filed a Return of Writ (Doc. 23 ("Return of Writ")), and Alston filed a Traverse (Doc. 24 ("Traverse").) On July 24, 2008, Magistrate Judge Vecchiarelli issued an R&R recommending that this Court deny Alston's Petition.  (Doc. 29 ("R&R").)  Alston timely filed objections to the R&R (Doc. 30 ("Objections")), and the State did not respond to Alston's objections.  For the reasons articulated below, the Court **ADOPTS** Magistrate Judge Vecchiarelli's thorough and well-reasoned R&R and, accordingly, **DISMISSES** Alston's Petition.

I.      **BACKGROUND**

The R&R sets forth the procedural history of this case, as well as the factual background as described in the opinion of the Ohio Court of Appeals.  (R&R at 1-11.)  Alston does not challenge this articulation of the procedural history or factual background in his Objections. (*See* Objections.)  Accordingly, in the interest of efficiency, the Court adopts the R&R's articulation of the relevant factual and procedural background and will provide only a brief summary for purposes of this Opinion & Order.

A.      **PROCEDURAL HISTORY**

On May 12, 2005, Alston was indicted for aggravated robbery with a firearm specification in connection with a dispute over bad drugs that resulted in a fatal shooting.  Alston waived reading

---

25 at 4.)  As the Magistrate Judge noted, because Alston labeled this new ground "Ground One," it is unclear whether Alston intended to: (1) "replace Ground One of the previous petition with the newly asserted ground"; or (2) "add the newly asserted ground to the five existing grounds." (Doc. 29 at 5, n.3.)  Because Alston is proceeding *pro se*, the Magistrate Judge construed Alston's pleadings liberally by treating the amended petition as asserting an additional, sixth ground for relief.  (*See id.*)  The Court **ADOPTS** the Report and Recommendation's treatment of this new ground as a sixth ground for relief.

-2-

of the indictment and entered not guilty pleas to the charge and specification.  (R&R at 5.)  On May 26, 2005, a supplemental indictment was filed, charging Alston with: murder, having weapons under disability, tampering with evidence, and felonious assault.  (Doc 23-2.)  Each of these additional counts also included firearm specifications.  (*Id.*)  Alston entered not guilty pleas to all charges in the supplemental indictment, including the firearm specifications, and proceeded to trial.  (*See* Doc 23-3.)  The jury found Alston guilty on all five counts, and the trial court sentenced Alston to an aggregate term of 24 years to life imprisonment.  (*See* Doc. 23-3; Doc. 23-4; Doc. 23-6.)

Alston, with assistance of counsel, timely appealed his conviction to the Ninth District Court of Appeals for Cuyahoga County, Ohio ("state appellate court"), raising the following assignments of error: (1) the trial court committed reversible error and abused its discretion when it refused to allow a jury instruction for the lesser included offense of reckless homicide; and (2) the conviction of Mark Alston was against the manifest weight of the evidence.  (Doc. 23-7; Doc. 23-8.)  The state court of appeals affirmed the trial court in a written opinion on August 14, 2006.  *State v. Alston*, No. 05CA008769, 2006 WL 2336627 (Ohio Ct. App., Aug. 14, 2006).

On September 11, 2006, Alston filed a *pro se* motion for leave to file a delayed appeal in the state appellate court, asserting a claim for ineffective assistance of appellate counsel.  (Doc. 23-16.)  The state appellate court construed the motion as both a motion for leave to file a delayed appeal and a motion to reopen the appeal.  (Doc. 23-17.)  On September 21, 2006, the state appellate court denied both of these motions.  (*Id.*)  Alston did not appeal this decision.

On September 20, 2006, Alston filed a timely *pro se* notice of appeal and a memorandum in support of jurisdiction in the Ohio Supreme Court, asserting the same two claims that he raised before the state appellate court.  (Doc. 23-12; Doc. 23-13.)  The Ohio Supreme Court denied leave

to appeal and dismissed the appeal as not involving a substantial constitutional question on December 27, 2006.  (Doc. 23-15.)

On May 2, 2007, Alston filed an delayed application to reopen his appeal pursuant to App. R. 26(B), asserting the following assignment of errors:

1.  The trial court error in failure [sic] to show burden of proving all the elements beyond a reasonable doubt. The defendant was denied due process of law and a fair trial in violation of the Fifth, Sixth, and Eighth, and Fourteenth Amendments to the United States Constitution and in violation of Crim R. 29.

2.  The defendant was denied effective assistance of appellant [sic] counsel when appellant [sic] counsel refused to represent me by what counsel guaranteed me by the Sixth Amendment of the Constitution.

(Doc. 23-20.)  As cause for the application's untimeliness, Alston claimed that, due to his indigence, he was unable to obtain a copy of the trial transcript, without which he could not file a proper application.[4]  On May 17, 2007, the state appellate court denied the 26(B) application as untimely (Doc. 23-21), a decision which Alston did not appeal.

Finally, *pro se*, Alston timely filed the Petition now before the Court on July 27, 2007.  (Doc. 1.)

## B.  ALSTON'S GROUNDS FOR RELIEF IN HIS PETITION

Alston is pursuing five[5] grounds for relief in his § 2254 Petition:

GROUND ONE: The conviction of Mark Alston was against the manifest weight of the evidence.

GROUND TWO: The trial court committed reversible error and abused its discretion when it refused to allow a jury instruction for the offense of reckless homicide.

---

[4]Alston also claimed to have filed a timely 26(B) application in November 2006, but there is no record of such a filing on the docket.  (Doc. 23-20.)

[5]  As noted above, Alston has abandoned his fourth ground for relief.

-4-

AMENDED GROUND THREE: The defendant was denied due process and a fair trial when the trial court erred in admitting hearsay testimony, and admitting inadmissible evidence.

GROUND FIVE: Due process in appeal, denied fair opportunity to present all issues, and denied fair review by the court.

GROUND SIX: The Petitioner Alston's conviction is tainted and defective and his due process rights were violated in the defective indictment, in prosecution for aggravated robbery where the indictment omitted the required *mens rea* recklessness for the crime of aggravated robbery in violation of the Fourteenth Amendment of the United States Constitution.

(Doc. 1; Doc. 23; Doc. 25.)

## II.    LAW AND STANDARD OF REVIEW

Alston filed his § 2254 Petition on July 27, 2007.  (Petition.)  Therefore, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs this Court's review of that petition. *Harpster v. Ohio*, 128 F.3d 322, 326 (6th Cir. 1997), *cert. denied*, 522 U.S. 1112 (1998); *see also Woodford v. Garceau*, 538 U.S. 202, 210 (2003).[6]

### A.    ALSTON'S PETITION IS NOT TIME-BARRED

First, as a procedural matter, the AEDPA requires that *habeas* petitions be filed within one year of the latest of four triggering dates set forth at 28 U.S.C. § 2244(d)(1).  In this case, it is undisputed that Alston timely filed his Petition pursuant to 28 U.S.C. § 2244(d)(1)(A).

### B.    APPLICABLE PREREQUISITES TO HABEAS RELIEF

In addition to the statute of limitations, there are two other prerequisites to habeas relief under the AEDPA.  First, state prisoners must ordinarily exhaust all available state court remedies prior to seeking habeas relief.  28 U.S.C. § 2254(b), (c); *Rhines v. Weber*, 544 U.S. 269, 274 (2005).

---

[6] The AEDPA applies to petitions filed *after* the Act's April 26, 1996 effective date. *Barker v. Yukins*, 199 F.3d 867, 871 (6th Cir. 1999).

Second, under the doctrine of procedural default, a habeas petitioner cannot ordinarily assert claims that were not properly submitted to the state court under its procedural rules and which are now barred by state procedural law. *See Wainwright v. Sykes*, 433 U.S. 72, 87 (1977).

### 1.  Exhaustion

A petitioner has exhausted her state court remedies when she has fairly presented all of the claims raised in his habeas petition to the state courts. *Rhines*, 544 U.S. at 274. The petitioner bears the burden of proving exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Habeas relief is only appropriate for violations of federal constitutional rights. 28 U.S.C. § 2254(d). The exhaustion requirement is satisfied if the petitioner presents the factual and legal basis of all her claims to the highest state court, thus giving the state an opportunity to adjudicate the claims before the petitioner seeks habeas relief in federal court. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). By fairly presenting her claims to the state's high court, the petitioner gives each rung in the state judicial ladder a chance to address the claims and exhausts the state's established procedures. *Id.* Claims asserted as general allegations related to a federal constitutional right do not satisfy the "fairly presented" standard for exhaustion – it is not enough to simply mention "due process," for instance. *See Fulcher v. Motley*, 444 F.3d 791, 798 (6th Cir. 2006).

When a claim has not been exhausted, the district court generally must dismiss the petition in its entirety, thus giving the petitioner an opportunity to fairly present the unexhausted claim to the appropriate state court. *See Rose v. Lundy*, 455 U.S. 509, 518-20 (1982); *Rockwell v. Yukins*, 217 F.3d 421, 424 (6th Cir. 2000) (holding that the AEDPA preserved the *Rose* rule that a petition including exhausted and unexhausted claims should be dismissed). As discussed below, however, when a claim is unexhausted, but the petitioner has no remaining avenues to pursue relief in the state

-6-

court, for whatever reason, the district court will analyze the petition under procedural default.  *See Buell v. Mitchell*, 274 F.3d 347, 349 (2001).

In her R&R, Magistrate Judge Vecchiarelli correctly noted that Alston has no remaining state remedies for his claims.  As such, Alston's claims have been exhausted.

### 2.      Procedural Default

The procedural default doctrine bars federal review of the merits of a habeas ground for relief in two circumstances.  First, procedural default bars habeas review of an exhausted claim if the state courts below applied a state procedural rule and declined to address the merits of that ground.  *See Wainwright*, 433 U.S. at 87.  In other words, when the last explained state court decision rests upon procedural default, a federal district court is not required to reach the merits of a habeas petition's claims.  *McBee v. Abramajtys*, 929 F.2d 264, 265 (6th Cir. 1991).  Second, procedural default bars habeas review of an unexhausted claim when, hypothetically, a state procedural rule would now bar the unexhausted claim.  Accordingly, any claim that the Court determines was procedurally defaulted, or in the case of an unexhausted claim, would now be procedurally defaulted, in the state courts generally will not be reviewable in a federal habeas proceeding.

The State argues that Grounds Three, Five, and Six are procedurally defaulted and should therefore be dismissed.  The Court addresses these arguments in Section III, below.

### B.      STANDARD FOR MERITS REVIEW

When the petitioner has satisfied the procedural prerequisites to habeas relief, the AEDPA sets forth the standard by which federal courts review the merits of properly-asserted grounds for relief.  In pertinent part, the AEDPA provides:

> (d)      An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to

> any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

After passage of the AEDPA, the various circuits interpreted the standard to be applied differently under these provisions.   In response to these nationwide variations, the Supreme Court directly addressed the meaning of the AEDPA's statutory language and, as the Sixth Circuit has confirmed, announced that the statute "places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court." *Campbell v. Coyle*, 260 F.3d 531, 539 (6th Cir. 2001) (quoting *Williams v. Taylor*, 529 U.S. 362, 412 (2000)) (emphasis added).

The Supreme Court clarified the language of § 2254(d)(1), and held that:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Williams*, 529 U.S. at 412-413 (emphasis added).  The Court offered additional guidance regarding the meaning of "unreasonable application." A state-court opinion can also engender the 'unreasonable application' of Supreme Court precedent if it "either unreasonably extends or unreasonably refuses to extend a legal principle from Supreme Court precedent to a new context."

-8-

*Id*. at 409.  Further, the Court declared that "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* (emphasis added).  Elaborating on the term "objectively unreasonable," the Court stated that "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable." *Id.*

Additionally, federal courts are obliged to "accept as valid a state court's interpretation of state law and rules of practice of that state." *Vroman v. Brigano*, 346 F.3d 598, 604 (6th Cir. 2003); *see also Duffel v. Dutton*, 785 F.2d 131, 133 (6th Cir. 1986).  Similarly, they are not free to ignore the pronouncement of a state appellate court on matters of state law.  *See Central States, Southeast & Southwest Areas Pension Fund v. Howell*, 227 F.3d 672, 676 (6th Cir. 2000).  "Federal habeas corpus relief does not lie for errors of state law." *Earhart v. Konteh*, 589 F.3d 337, 349 (6th Cir. 2009) (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)).  The standard of review applied to the merits of a petition for a writ of habeas corpus, therefore, is a stringent one.

## III.    ANALYSIS OF THE R&R AND ALSTON'S OBJECTIONS

### A.    THE R&R

#### 1.    Ground One – Convictions Against the Manifest Weight of the Evidence

With respect to Ground One of Alston's Petition, Magistrate Judge Vecchiarelli found that Alston's claim that his conviction was against the manifest weight of the evidence is a state law claim that is not cognizable in federal habeas review.  (R&R at 16 (citing *Nash v. Eberlin*, 258 Fed. Appx. 761, 765, n.4 (6th Cir. 2007)).)  Because Alston actually argued Ground One as a claim that

the jury's verdict was not supported by *sufficient* evidence, however, Magistrate Judge Vecchiarelli construed Ground One as an insufficient evidence claim, which *is* cognizable under the Fourteenth Amendment due process clause.  (*See* R&R at 16 (citing *Nash*, 258 Fed. Appx. at 765, n.4 (6th Cir. 2007) (interpreting a *pro se* petitioner's manifest weight claim as an insufficient evidence claim because of the obligation to liberally and actively construe "pro se claims for relief to encompass any allegation stating federal relief") (quotation omitted)).)

At the outset, the R&R correctly noted that Alston could not challenge the sufficiency of the evidence regarding his tampering with evidence and having weapons while under disability convictions because Alston did not challenge these convictions in his direct appeal to the state appellate court.  (R&R at 18 (citing *Alston*, 2006 WL 2336627, at *1 n.2 (noting that Alston did not argue that these convictions were against the manifest weight of the evidence)).)  Because Alston did not challenge these convictions as against the manifest weight of the evidence in the state courts, Magistrate Judge Vecchiarelli concluded that *res judicata* bars him from challenging them now. (R&R at 18 (citing *Norris v. Schotten*, 146 F.3d 314, 332 (6th Cir. 1998); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994) (holding that where a claim is barred by *res judicata*, that claim is considered waived for federal habeas purposes unless the petitioner "can demonstrate cause for the procedural default and actual prejudice resulting from the alleged constitutional error")).)  Alston did not assert cause and prejudice with respect to his failure to challenge the tampering and weapons convictions. (*See* Petition; Traverse.)  Accordingly, the R&R correctly concluded that these challenges are procedurally defaulted.

The R&R then analyzed Alston's insufficient evidence challenge with respect to his convictions for aggravated robbery, felonious assault, and murder.  Because Alston's petition and

-10-

traverse failed to discuss the facts and evidence–or lack thereof–in his case (*see id.*), Magistrate Judge Vecchiarelli relied on the arguments contained in Alston's brief before the state appellate court.  (*See* R&R at 19.)  With respect to Alston's argument that "there was no evidence that a robbery actually occurred because there was no evidence that Alston and his co-defendant took" anything from the victim, the R&R noted that such evidence was unnecessary for a conviction under the relevant statute because "the statute is satisfied as long as there is an attempt to commit a theft offense." (R&R at 19.) *See* Ohio Rev. Code Ann. § 2911.01(A)(1) and (3).  Having considered the testimony of the victim's girlfriend, Sergeant Carpentiere of the Lorain Police Department, and Jeremiah Stewart, an acquaintance of Alston's, the R&R concluded that "there was sufficient evidence from which a jury could have concluded that Alston and his accomplices committed aggravated robbery." (R&R at 19.)  The R&R also found that this testimony, coupled with Jermaine and Jeremiah Stewart's testimony that Alston said to his co-defendant "you shot him" and the evidence that the victim died from a gunshot wound, constituted sufficient evidence for a conviction of felonious assault under an accomplice liability theory. (R&R at 19-20.) *See* Ohio Rev. Code Ann. § 2903.11 (requiring, for a conviction of felonious assault, that the defendant "caused physical harm" to the victim "by means of a deadly weapon").  Because the victim died from a gunshot wound inflicted during the aggravated robbery, the R&R further concluded that a jury could find, beyond a reasonable doubt, that Alston committed felony murder.  (R&R at 20.)  For these reasons, the R&R recommended that Alston's first ground for relief be dismissed.  (*Id.* at 21.)

### 2.    Ground Two – The Trial Court's Refusal to Allow a Jury Instruction for the Offense of Reckless Homicide

Alston's second ground for relief alleges that the trial court "committed reversible error and abused its discretion when it refused to allow a jury instruction for the offense of reckless homicide."

-11-

(Petition at 4.)  Magistrate Judge Vecchiarelli summarized the Sixth Circuit law governing such claims as follows:

> In *Bagby*, the Sixth Circuit held that a state court's failure to give a lesser included offense instruction in a non-capital case "is not such a fundamental defect as inherently results in a miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure." *Todd v. Stegal*, 40 Fed. Appx. 25, 28 (6th Cir. 2002) (citing *Bagby v. Sowders*, 894 F.2d at 797). The Sixth Circuit further held that the failure to give such an instruction may serve as grounds for habeas relief only if "the state court so manifestly and flagrantly violated its own clearly stated law in refusing the requested instruction, that the petitioner was denied due process of law." *Todd v. Stegal*, 40 Fed. Appx. at 28 (citing *Bagby v. Sowders*, 894 F.2d at 794).  The Sixth Circuit noted that "such occasions would be rare," and relief would be warranted under such a theory only where "the failure to give the instruction amounts to a fundamental miscarriage of justice likely to have resulted in the conviction of an innocent person." *Id.*

(R&R at 22.)  In light of the state appellate court's analysis, as well as Alston's failure to present any meaningful argument supporting this ground, the R&R concluded that Alston failed to demonstrate that "the state court manifestly and flagrantly violated its own clearly stated law in failing to give the lesser included offense instruction and that its failure to do so resulted in the conviction of an innocent person," as required by *Bagby*.  (R&R at 25.)  Accordingly, the R&R recommended dismissal of this ground for relief.  (*Id.*)

> ### 3.    Ground Three – The Trial Court's Admission of Hearsay Testimony and Inadmissible Evidence

In Alston's third amended ground for relief, he claims that he was "denied due process and a fair trial when the trial court erred in admitting hearsay testimony" and other "inadmissible evidence." (Doc. 8 at 5)  Because Alston could have raised these claims on direct appeal, but never presented them to the Ohio courts, Magistrate Judge Vecchiarelli concluded that the claims are barred by *res judicata*.  (R&R at 25 (citing *Norri*, 146 F.3d at 332 (6th Cir. 1998)).)  Accordingly, the R&R noted, to avoid dismissal of this ground for relief, Alston needed to demonstrate cause for

-12-

this procedural default and "actual prejudice resulting from the alleged constitutional error." (R&R at 26 (citing *Rust*, 17 F.3d 155 at 160).)

As cause, Alston argued that he was "denied the right to have a copy of the transcripts by counsel, and by the court as an indigent defendant." (R&R at 26.)  Magistrate Judge Vecchiarelli found this cause insufficient for two reasons:

> (1) While Alston's lack of a transcript may be sufficient to excuse his failure to present the claim when he was proceeding pro se, it does not explain his failure to present the claim on direct appeal before the state appellate court when he was represented by counsel; and

> (2) Alston fails to provide an adequate explanation as to why the lack of a transcript prevented him from raising the claim when he was proceeding pro se in his appeal to the Supreme Court of Ohio or in a 26(B) application. Alston was present at his trial when the alleged errors were committed and while, without a transcript, he may not have been able to articulate the details of the alleged errors or cite to the transcript, he could have raised the errors at least in a general manner, as he has done in his habeas petition before this Court.

(R&R at 26-27.)  In addition to this shortcoming, the R&R also concluded that Alston did not demonstrate prejudice because he failed to "articulate how he was prejudiced or explain why a fundamental miscarriage of justice would result from the denial of his claims." (*Id*. at 27.)  For these reasons, the R&R recommended that Ground Three should be dismissed as procedurally defaulted. (*Id*.)

As an alternative to dismissal for Alston's procedural default, the R&R recommends dismissal on the merits. (*Id*.)  As Magistrate Judge Vecchiarelli observed, Alston's hearsay claim appears to challenge only Jeremiah and Jermaine Stewart's testimony that Smith asked them to lie to the police.[7]  (*Id*.)  Noting the State's argument that these statements were offered to explain why

---

[7]While other hearsay statements were admitted in Alston's trial, the only ones to which he objects are those cited in the R&R.  (*See* Objections at 10-11.)  Therefore, the Court does not

-13-

the witnesses changed their story to the police, not to prove that Smith asked the witnesses to lie to the police," the R&R concluded that Alston had not shown that the admission of this evidence "had any impact on his conviction" or was even "introduced against him."  (R&R at 29.)  Accordingly, the R&R found that Alston failed to demonstrate that the "admission of the testimony was an error of state law or that it rendered his trial fundamentally unfair such that he was denied due process." (*Id*.)

The R&R similarly found that Alston's claim regarding the trial court's admission of his parole officer's testimony that Alston "was currently on parole for robbery," failed on the merits. (R&R at 29.)  Because evidence of Alston's prior conviction was an essential element of the crime of knowingly possessing a weapon while under disability,[8] with which Alston was charged, the R&R concluded that the trial court properly admitted the parole officer's testimony.  (R&R at 29-30 (citing *State v. Smith*, 589 N.E.2d 454, 457 (Ohio Ct. App. 1990) (Where a "prior offense is an essential element of the crime charged . . . [evidence of a prior conviction] is not only proper but required.")).) The R&R further noted that the trial court gave a limiting instruction "informing the jury that the purpose of the evidence was to indicate whether Alston had prior convictions for offenses of violence or offenses involving drugs."  (R&R at 30 (citing Doc 23-27 at 12-13).)

For the above reasons, the R&R recommended dismissal of this ground of relief.

### 4.  Ground Five – Denial of Alston's Right to Due Process in His Appeal, a Fair Opportunity to Present All Issues, and Fair Review by the Court

Alston's fifth ground for relief raises an ineffective assistance of appellate counsel claim, arguing that counsel "failed to correspond with him, did not raise error on appeal that should have

_____

analyze the import of any other hearsay statements proffered at trial.

[8]Ohio Rev. Code § 2923.13.

-14-

been raised, waived oral argument, and withheld transcripts so that Alston would be prevented from filing a 26(B) application." (R&R at 31 (citing (Doc. 8 at 7, Doc. 4 at 33-35)).) In response, the state argued that Alston presented this claim in the state courts when he filed a delayed 26(B) application and that he procedurally defaulted the claim by failing to appeal the denial to the Ohio Supreme Court. (Return of Writ at 24.) As cause for his failure to appeal to the Ohio Supreme Court, Alston claims that he never received notice of the state appellate court's denial of his delayed 26(B) application. (Traverse at 12, 15, 20.) While the state court docket was not clear as to whether Alston was ever notified of this denial, the R&R notes that, at some point prior to filing this Petition, Alston learned of the denial but failed to file a motion for delayed appeal to the Ohio Supreme Court. (R&R at 31-32.) For these reasons, the R&R concluded that Alston failed to demonstrate sufficient cause. (*Id.* at 32.) The R&R also found that Alston did not demonstrate prejudice. (*Id.*) Accordingly, Magistrate Judge Vecchiarelli recommended that Ground Five be dismissed as procedurally defaulted.

### 5. Ground Six – Violation of the Fourteenth Amendment Due to a Defect in Alston's Indictment

Alston's final ground for relief alleges that his indictment was defective because it failed to state the *mens rea* for robbery. (Doc. 25 at 4.) In response, the state argued that the claim has been procedurally defaulted and lacks merit. As cause for failing to present this claim in the state courts, Alston argues that the claim is based on the Ohio Supreme Court's decision in *State v. Colon*, 885 N.E.2d 917 (Ohio 2008), which issued while his federal habeas petition was pending. (Doc. 25 at 4.) In *Colon*, the Ohio Supreme Court held that a "defendant did not receive a constitutional indictment or trial" because the state failed to charge the *mens rea* element for robbery, resulting "in a lack of notice to the defendant of the mens rea required to commit the offense. . . ." 885 N.E.2d

-15-

at 924.  The R&R concluded, however, that "Alston's ability to present his claim that his indictment was defective" did not depend on *Colon* because "it has been well-established, as a matter of constitutional law, that an indictment that fails to charge all the essential elements of a crime is defective."  (R&R at 34 (citing *Hamling v. United States*, 418 U.S. 87).)  Because Alston could have raised the claim that his indictment failed to state the *mens rea* for robbery at any point before the decision in *Colon*, but did not, Magistrate Judge Vecchiarelli concluded that Alston failed to demonstrate cause.  (R&R at 34.)  The R&R additionally concluded that Alston failed to show prejudice because: (1) the jury considered Alston's *mens rea* as an element of the offense; and (2) Alston has not demonstrated that he is actually innocent.  (*Id*. at 35.)  For these reasons, Magistrate Judge Vecchiarelli recommended that Ground Six be dismissed as procedurally defaulted.

## B.  VERBATIM RESTATEMENTS OF ARGUMENTS ADDRESSED BY THE MAGISTRATE JUDGE ARE NOT PROPER OBJECTIONS

Alston filed a brief captioned "Petitioner Alston's Objections to Report and Recommendation Made by Magistrate Judge Nancy A. Vecchiarelli."  (Objections.)   In large part, however, these "Objections" amount to mere recitations of Alston's Petition and Traverse.  These portions of Alston's "Objections" are not objections, but literally restatements of arguments he included in his Petition and Traverse, which were addressed by the Magistrate Judge in her R&R.  Such "general objections" do not serve the purposes of Federal Rule of Civil Procedure 72(b), which requires the Court to conduct a *de novo* review only of the portions of the Magistrate Judge's R&R to which a party objects.  *See Cvijetinovic v. Eberlin*, 617 F. Supp. 2d 620, 631 (N.D. Ohio 2008) (citing *Jones v. Moore*, No. 3:04CV7584, 2006 WL 903199, at *7 (N.D. Ohio Apr. 7 2006) (Manos, J.)); *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004) ("An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been

-16-

presented before, is not an 'objection' as that term is used in this context."); *see also Union Labor Life Ins. Co. v. Olsten Corp. Health & Welfare Benefit Plan*, 617 F. Supp. 2d 131, 134 (E.D.N.Y. 2008) (characterizing arguments copied verbatim from prior briefs and labeled "objections" as a "regurgitation" of arguments made to the magistrate judge and finding that they were not proper objections necessitating *de novo* review); *see generally* 12 Charles Alan Wright, Arthur Miller, & Richard L. Marcus, *Federal Prac. & Proc.* § 3070.1, n.4 (2d ed. 2010) (citing numerous cases in various jurisdictions for the principle that "regurgitating" or "rehashing" arguments already submitted to and addressed by the magistrate judge is not an objection sufficient to trigger *de novo* review of the R&R based on the efficiency purpose of a magistrate judge's role).  Accordingly, the Court will address only the objections that Alston raised in response to the R&R itself – it will *not* address all of the arguments analyzed in the R&R that are reasserted verbatim in the Objections.

### C.    ALSTON'S PROPERLY ASSERTED OBJECTIONS

#### 1.    Ground One – Convictions Against the Manifest Weight of the Evidence

As noted above, because manifest weight of the evidence claims are not cognizable in federal habeas review, the R&R construed this ground for relief as an insufficient evidence claim.  In his objection to the R&R's recommendation regarding Ground One, Alston appears to claim that, in concluding that his convictions were supported by sufficient evidence, Magistrate Judge Vecchiarelli failed to adequately review Alston's trial transcripts.  (Objections at 6 ("The Petitioner, Alston object to the Magistrate Judge for not reviewing the trial transcripts inappropriately where Alston's convictions for aggravated robbery, felony murder, felonious assault, tampering with evidence, and having weapons while under disability were not supported by sufficient evidence.").)

As the R&R correctly concluded, Alston's insufficient evidence claim was procedural

defaulted with respect to Alston's tampering with evidence and having weapons under disability charges.  (R&R at 18.)  Because Alston does not specifically object to this aspect of the R&R, the Court **ADOPTS** this conclusion and does not address these charges in its analysis of Alston's first objection.  With respect to the remaining charges, the mere fact that the Magistrate Judge does not explicitly state that she reviewed the trial does not mean that she failed to do so.  Indeed, that Judge Veccharelli was fully familiar with the trial transcript is evident from her conclusion that the evidence against him on the counts of conviction he challenges was sufficient.   Alston's disagreement with the Magistrate Judge's conclusions regarding the evidence is not enough to show that the Magistrate Judge failed to undertake an adequate inquiry into the record.  In any event, having reviewed the trial transcript and state appellate court's decision *de novo*, the Court concludes that the R&R appropriately assessed the question of the adequacy of the evidence supporting Alston's convictions.  Accordingly, the Court **ADOPTS** the R&R's conclusion that Ground One for relief  should be dismissed.

> ## 2.  Ground Two – The Trial Court's Refusal to Allow a Jury Instruction for the Offense of Reckless Homicide

Alston objects to the R&R's recommendation to dismiss Ground Two for relief, claiming that the R&R erroneously concluded that the state did not manifestly and flagrantly violate its own clearly stated law in refusing to instruct the jury on the lesser included offense of reckless homicide. (Objections at 8 (citing *Stegal*, 40 Fed. Appx. at 28 (citing *Bagby*, 894 F.2d at 794)).)  In support of this argument, Alston cites trial testimony that he believes would have lead a reasonable jury to convict only on the lesser included offense of reckless homicide.  (Objections at 7-8.)  Even if, however, Alston would have qualified for the reckless homicide jury instruction, he has not shown that the trial court's error was so fundamental as to satisfy the *Bagbey* standard.  As the R&R noted,

-18-

Alston failed to present any meaningful argument showing that "the state court manifestly and flagrantly violated its own clearly stated law in failing to give the lesser included offense instruction and that its failure to do so resulted in the conviction of an innocent person." (R&R at 25.)  Alston does the same in his Objections, citing trial testimony and the *Bagby* standard, but failing to provide any analysis. (*See* Objections at 7-8.)  For these reasons, the Court **ADOPTS** the R&R's conclusion that Ground Two for relief should be dismissed.

### 3.    Ground Three – The Trial Court's Admission of Hearsay Testimony and Inadmissible Evidence

In his objection to the R&R's recommendation to dismiss Alston's third ground for relief, Alston argues that the R&R erred in finding that Ground Three was procedurally defaulted. (Objections at 9.)  Specifically, as cause for his procedural default, Alston argues that he could not present his hearsay testimony and inadmissible evidence claims on direct appeal because he was represented by ineffective appellate counsel. (*Id*. at 10.)[9]  While ineffective assistance of counsel can constitute cause sufficient to excuse procedural default, it can do so only if the ineffective assistance claim was presented to the state courts as an independent claim. *See Murray v. Carrier*, 477 U.S. 478, 489 (U.S. 1986) (holding that, while ineffective assistance of counsel "is cause for a procedural default," the exhaustion doctrine "requires that a claim of ineffective assistance be presented to the state courts as an independent claim" before it is used to establish cause).  Because Alston did not properly raise his ineffective assistance of counsel claim as an independent claim in the state courts, it cannot serve as cause to avoid procedural default of his third ground of relief.  In

---

[9]Alston does not object to the characterization of this claim in the R&R – i.e., that it is limited to very specific pieces of evidence which he asserts should not have been admitted. Notably, he does not object to other hearsay testimony, such as the statements of George Smith to Sergeant Carpentiere.

any event, Alston has failed to show actual prejudice.  (*See* R&R at 27.)[10]  As a result, the Court **ADOPTS** the R&R's conclusion that Ground Three for relief should be dismissed.

> **4.     Ground Five – Denial of Alston's Right to Due Process in His Appeal, a Fair Opportunity to Present All Issues, and Fair Review by the Court**

Alston's objection to the R&R's recommendation to dismiss Ground Five for relief essentially restates arguments from his Petition and Traverse that Magistrate Judge Vecchiarelli addressed in her R&R.  And significantly, the objection fails to address the R&R's reasoning regarding Alston's failure to file a motion for delayed appeal to the Supreme Court of Ohio once he actually became aware of the state appellate court's denial of his delayed 26(B) motion.  Because Alston failed to seek to appeal the denial to the Ohio Supreme Court, as he had a right to do, and has not provided a cognizable cause for his failure to do so, the R&R correctly concluded that Alston procedurally defaulted on his fifth ground for relief.  Accordingly,  the Court **ADOPTS** the R&R's conclusion that this ground for relief should be dismissed.

> **5.     Ground Six – Violation of the Fourteenth Amendment Due to a Defect in Alston's Indictment**

In objecting to the R&R's recommendation to dismiss Alston's sixth ground for relief, Alston claims that he did not procedurally default Ground Six because the defect in his indictment "cannot be waived at any time through the appeal stages."  (Objections at 13 (citing *Colon*, 885 N.E.2d 917).)  This objection, however, mischaracterizes the holding in *Colon*.  *Colon* held only that "a defendant

_____

[10]It is unclear whether Alston's counsel could have asserted these alleged evidentiary errors on appeal; Alston does not argue that timely objections were made to each of these pieces of allegedly improper evidence at the trial level.  From the record, it appears that some objections may have been preserved for appeal, while others were not.  The Court does not reach this issue or the implications of Alston's failure to present an ineffective assistance of trial counsel claim because the Court agrees that the claim is otherwise procedurally defaulted.

can challenge for the *first time on appeal* an indictment that omits an essential element of the crime," not that the defective indictment can never be waived throughout the appeal process.  885 N.E.2d at 33 (emphasis added).  The objection, moreover, fails even to properly challenge the R&R's conclusion that Alston procedurally defaulted Ground Six.  In finding that Alston procedurally defaulted, the R&R rejected Alston's asserted cause: that he was unable to present the defective indictment claim until the Ohio Supreme Court reached its decision in *Colon*, at which point his habeas petition was pending.  (R&R at 34.)  As the R&R correctly noted, Alston could have raised his defective indictment claim at any time before the decision in *Colon*–because it was based on a well-established doctrine of constitutional law–but failed to do so.  (*Id.*)  Because Alston's objection fails to address the R&R's basis for finding that Alston procedurally defaulted Ground Six,  the Court **ADOPTS** the R&R's conclusion that this ground for relief should be dismissed.

## IV.  THE COURT WILL NOT ISSUE A CERTIFICATE OF APPEALABILITY

For the foregoing reasons, the Court finds that Alston did not make "a substantial showing of the denial of a constitutional right" with respect to any of the claims in his Petition.  28 U.S.C. § 2253(c)(2).  Accordingly, the Court will <u>not</u> issue a certificate of appealability.

Additionally, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

## V.  CONCLUSION

For the foregoing reasons, Magistrate Judge Vecchiarelli's well-reasoned and thorough R&R (Doc. 29) is **ADOPTED** as discussed above.  Consequently, Alston's objections are **OVERRULED** and his Petition is hereby **DISMISSED**.

**IT IS SO ORDERED.**

s/Kathleen M. O'Malley
KATHLEEN McDONALD O'MALLEY
UNITED STATES DISTRICT JUDGE

**Dated: September 30, 2010**